**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ARMAND L. SMITH, BRAZOS
BRAVO ROYALTY TRUST AND
RIO PETRO, LTD., individually
and on behalf of all others
similarly situated private royalty
and overriding royalty owners,

      Plaintiffs,

vs.                                                              No. 13-CV-00468-JCH-CG

HESS CORPORATION,

      Defendants.

**ORDER GOVERNING THE CONFIDENTIALITY OF DISCOVERY MATERIALS AND**
**THE INADVERTENT DISCLOSURE OF MATERIALS PROTECTED UNDER AN**
**APPLICABLE PRIVILEGE OR IMMUNITY**

      **THIS MATTER** comes before the Court on the Unopposed Oral Motion for Entry

of an Order Governing the Confidentiality of Discovery Materials and the Inadvertent

Disclosure of Materials Protected under an Applicable Privilege or Immunity (Doc. 56).

The Court being fully advised in the premises and finding good cause for granting the

motion, **HEREBY ORDERS AS FOLLOWS**:

**DEFINITIONS**

1.     The following definitions shall apply to this Order:

     a.     "Person" shall include individuals and entities;

     b.     "Litigants" shall mean and refer to any party, including those

           hereafter joined;

c.     "Confidential Material" or "Confidential Information" shall mean and refer to any documents, materials, tangible things, deposition testimony or information which are:

    (1)     deemed in good faith by the Litigant or person producing them at the time of production to constitute, contain, reveal or reflect confidential or proprietary financial, technical, business planning, research, personnel or related information; and

    (2)     designated as such in accordance with the procedures set forth herein; and

    (3)     not available as a type of public record;

d.     "Attorneys' Eyes Only" material or information shall mean and refer to any documents, materials, tangible things, deposition testimony or information which are:

    (1)     deemed in good faith by the Litigant or person producing them at the time of production to constitute contain, reveal or reflect sensitive confidential commercial information which disclosure to the opposing party creates of risk of irreparable harm or which disclosure to a business competitor would create a substantial risk of serious commercial injury that could not be avoided by less restrictive means; and

    (2)     designated as such in accordance with the procedures set forth herein.

e.      "Outside Counsel" shall mean the attorneys who are not employees of the parties but who represent the parties in this litigation.

f.      "Discovery Information" shall mean hard copy documents, electronically stored information (ESI), answers to interrogatories, answers to deposition questions, responses to requests for admission, and such other materials and information as may be provided by and to the parties and by third persons.

### INADVERTENT DISCLOSURE OF DISCOVERY INFORMATION & CLAWBACK STIPULATION

2.      The parties believe that the volume of documents that may be responsive to the discovery requests in this action is of a magnitude that a document-by-document review of certain types of documents prior to production would be unduly burdensome on the producing party.  The parties further believe that permitting the production of documents pursuant to this Order, without a document-by-document review by the producing party in all instances prior to production may materially reduce the cost of discovery and the attendant burden on the parties. However, adopting the approach set forth herein may result in the inadvertent disclosure of Discovery Information that is subject to a claim of attorney-client, work product and/or other applicable privilege or immunity (collectively, Privileged Discovery Information).  The parties understand and hereby stipulate that disclosure of Privileged Discovery Information pursuant to this Order will not prejudice or otherwise constitute a waiver of, or estoppel as to, any

claim of attorney-client, work product or other applicable privilege or immunity.

a.  A producing party shall not be obligated to conduct a document-by-document review of Discovery Information prior to its production; provided, however, that with respect to ESI, a producing party shall utilize reasonable means to locate and exclude potentially Privileged Discovery Information prior to any production. Any potentially Privileged Discovery Information so excluded shall be reviewed by the producing party and, if such information is responsive and non-objectionable, either (i) produced (if such information is not deemed Privileged Discovery Information), or (ii) placed on the producing party's privilege log (if such material is deemed Privileged Discovery Information), in the normal course of discovery, consistent with the rules of this Court. If a producing party complies with this paragraph, such producing party shall be deemed to have implemented adequate precautions to prevent a privilege waiver based on the inadvertent disclosure of Privileged Discovery Information, consistent with the requirements of Federal Rule of Evidence 502.

b.  Disclosure of Privileged Discovery Information in this action shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any attorney-client, work product or other applicable privilege or immunity. As such, any Privileged Discovery Information shall be

4

deemed to have been inadvertently produced and the producing party shall not be held to have waived any privilege by such inadvertent production.

c.      All Discovery Information that is inadvertently disclosed and subject to a claim of protection from disclosure pursuant either to a privilege or the work product doctrine shall be promptly returned to the producing party upon request, together with all copies of any such Discovery Information.  To the extent electronic copies of the privileged document exist, they shall be promptly segregated and removed from viewing and retrieval access in the applicable storage location.  Subsequently, within a reasonable time following the notice, the electronic copies will be deleted.  Further, ten (10) days after providing notice of the inadvertent disclosure of Discovery Information, the producing party shall serve the non-producing party with a privilege log.  The non-producing party shall not review the Discovery Information after receipt of notice of inadvertent disclosure unless and until the Court issues an order finding the privilege claim invalid.  Upon the date of receipt by the non-producing party of notice of inadvertent disclosure of Discovery Information, the privileged or work product status shall be deemed to be restored until the parties agree otherwise or the Court rules on the issue.

d.   If the non-producing party desires to contest the privilege claim, the parties shall meet and confer to try to resolve the dispute without Court intervention.  If the parties cannot resolve the dispute, within thirty (30) calendar days of the meet and confer, the non-producing party must file a motion seeking relief from the Court.   The producing party must submit the contested Discovery Information in camera to the Court in connection with its response.

e.   If the non-producing party does not move the Court for an order contesting the claimed privileged status of such Discovery Information within thirty (30) calendar days of receipt of notice of the claim, the Discovery Information shall be treated thereafter as privileged or work product and may not be used in argument, briefing, as evidence, or otherwise.

f.   If the contested Discovery Information is held by order of the Court to be protected from disclosure pursuant to a claim of privilege or work product, no use whatsoever, with the exceptions of making offers of proof and/or for related appellate challenges pertaining to the privileged nature of the Discovery Information, shall be permitted of any such inadvertently disclosed privileged or work product Discovery Information, in argument, in briefing, as evidence, or otherwise.

## "QUICK PEEK" PROVISION

3.      A producing party may, in its sole discretion, use a "quick peek" procedure in the production of documents, whereby the producing party provides Discovery Information for initial examination to the requesting party without waiving any claim of applicable privilege or immunity, including work product protection, or a claim that documents should be designated as confidential information and without invoking the inadvertent disclosure provisions set forth in the prior paragraph.

## DESIGNATION OF "CONFIDENTIAL" AND "ATTORNEYS' EYES ONLY" MATERIALS

4.      A producing party may designate any Discovery Information as "Confidential" or "Attorneys' Eyes Only" information by marking each confidential page of a document as "Confidential" or "Attorneys' Eyes Only", prior to the production to another party; this methodology may be used both for hard copy documents and for ESI produced as an image file, such as a TIFF.  With respect to ESI produced natively (such as large spreadsheets not easily comprehensible as TIFF images or databases) and that is not suitable for the individual labeling of each page, a "Confidential" or "Attorneys' Eyes Only" label placed on the face of the disk or other storage media prior to the production to another party may be used to designate the information as such.

5.      With respect to Discovery Information made available for review and inspection pursuant to the "quick peek" provision, these documents shall be subject to this Protective Order when made available, whether marked

7

or not.  When a set of hard copy documents made available subject to "quick peek" is subsequently labeled and produced per the reviewing Litigant's instructions, where feasible, each page shall be marked "Confidential" or "Attorneys' Eyes Only" to designate Confidential Information.  In the event, the hard copy documents are scanned or imaged for production, the "Confidential" or "Attorneys' Eyes Only" designation shall be embedded on the electronic image.

6.    Portions of depositions which deal with Confidential or Attorneys' Eyes Only Material, as defined herein, may be designated as "Confidential" or "Attorneys' Eyes Only" on the record during the deposition or at any time within thirty (30) days after the original transcripts are made available to counsel for review and correction.  Designation(s) not made on the record during the deposition shall be made in writing; portions so designated shall be deemed Confidential or Attorneys' Eyes Only.  No one shall divulge any portion of any deposition other than to a Qualified Person, subject to the provisions of this Order, prior to thirty (30) days after the deposition transcript has been provided to counsel so that appropriate steps can be made to designate the material.

7.    Copies, extracts, summaries, notes, of "Confidential" or "Attorneys' Eyes Only" information" shall also be deemed as "Confidential" or "Attorneys' Eyes Only" information and shall be subject to the provisions of this Order. If the producing party believes that produced documents include summaries, notes and other derivatives of "Confidential" or "Attorneys

Eyes Only" information, that party is obligated to designate the information as such.

8.    The "Confidential" and "Attorneys' Eyes Only" designation discussed herein shall be placed on documents in such a manner that it does not obscure or make illegible the wording of the document.

### RESTRICTIONS ON USE OF CONFIDENTIAL MATERIALS

9.    The following restrictions and procedures shall apply to any Confidential Material:

a.    Confidential Material produced in this litigation and all information contained in or derived from such Confidential Material shall not be used by any person for business or competitive purposes or for any purpose other than solely for the preparation and trial of this action, and appeals there from.

b.    Access to Confidential Material produced in this litigation shall be limited to the Qualified Persons listed below and their staff, who require access to such Confidential Material to perform their duties in this action.

(1)    The judge assigned to this case, personnel of the Court, court reporters, the members of the venire, the jurors, video equipment operators at deposition, any special master appointed by the Court, any judge with jurisdiction over this proceeding or any appeal hereof, and any authorized personnel of such appellate court;

(2)  Attorneys for Litigants, including in-house counsel;

(3)  Litigants;

(4)  Employees of Litigants and corporations, partners, persons or other entities who are responsible for assisting counsel in the conduct of this action;

(5)  Employees of any firm retained by counsel to produce or duplicate any discovery material for use in accordance with this Order;

(6)  Employees of other entities retained by the Litigants, who are responsible for assisting counsel in the conduct of this action;

(7)  Experts or consultants that are employed or retained to assist counsel in this action or designated as trial witnesses;

(8)  Deponents and their counsel during the course of depositions taken in this action;

(9)  Trial witnesses; and

(10) Potential witnesses who are the author or recipient(s) of the document, the original source of the information, or employees or agents of the entity producing or receiving the information.

c.  Qualified Persons shall not disclose any information marked as confidential to any other persons or entities. This provision does not

preclude one Qualified Person from disclosing such information to another Qualified Person.

## RESTRICTIONS ON USE OF ATTORNEYS' EYES ONLY MATERIALS

10.	The following restrictions and procedures shall apply to any Attorneys' Eyes Only Material:

a.	Attorneys' Eyes Only Material produced in this litigation and all information contained in or derived from such material shall not be used by any person for business or competitive purposes or for any purpose other than solely for the preparation and trial of this action, and appeals there from.

b.	Access to Attorneys' Eyes Only Material produced in this litigation shall be limited to the Qualified Persons listed below, who require access to such Attorneys' Eyes Only Material to perform their duties in this action.

(1)	The judge assigned to this case, personnel of the Court, court reporters, the members of the venire, the jurors, video equipment operators at deposition, any special master appointed by the Court, any judge with jurisdiction over this proceeding or any appeal  hereof, and any authorized personnel of such appellate court;

(2)	Outside Counsel and their paralegals and staff for Litigants;

(3)     Employees of any firm retained by counsel to produce or duplicate any discovery material for use in accordance with this Order;

(4)     Persons, or in the case of entities, employees of entities, retained by the Litigants who are responsible for assisting counsel in the conduct of this action;

(5)     Experts or consultants and their staff that are employed or retained to assist counsel in this action or designated as trial witnesses;

(6)     Witnesses who are the author or recipient(s) of the document, the original source of the information or employees or agents of the entity producing or receiving the information;

11.     Qualified Persons shall not disclose any information marked as "Attorneys' Eyes Only" to any other persons or entities. This provision does not preclude one Qualified Person from disclosing such information to another Qualified Person.

**GENERAL PROVISIONS GOVERNING CONFIDENTIAL AND ATTORNEYS' EYES ONLY MATERIAL**

12.     Any Qualified Person described in subparagraphs 4(b) and 5(b) provided copies of or access to Confidential or Attorneys Eyes Only Material produced in this litigation, or any information contained therein or derived there from, shall, as a precondition to such disclosure:

12

a. be advised of the provisions of this Order, and of the limited purpose for which the information contained in or derived there from may be used; and

b. execute the attached Acknowledgement of Protective Order which recites that he or she has received and read a copy of this Order, and agrees to be bound by its provisions.

These procedures need not be followed if the Qualified Person to whom the Confidential or Attorneys' Eyes Only Material is provided is an employee or agent of the company that produced or received the Confidential or Attorneys' Eyes Only Material.

13. Confidential or Attorneys' Eyes Only Material produced in this litigation, or any information contained therein and derived there from, may be disclosed to a witness during deposition or trial in this case, subject to the condition that the witness is not provided with any such materials to take from the place of the deposition or trial.

14. Within sixty (60) days of the final termination of this action, whether by settlement or judgment, including any appeals there from, each Litigant or other Qualified Person, shall certify that Confidential and Attorneys' Eyes Only Material produced in this litigation (including testimony designated "Confidential" or "Attorneys' Eyes Only" and associated deposition exhibits) has been destroyed or returned to the Litigant or other person from which it was received, including any copies, extracts or summaries thereof or documents containing information taken there from, but excluding any materials which, in the judgment of the Litigant's counsel,

13

constitute work product materials. This provision does not apply to deposition testimony played at trial or any exhibit introduced during trial. Any person requesting continued protection for such information and documents must move the Court for an appropriate order.

15. The restrictions governing Confidential and Attorneys' Eyes Only Material do not apply to material or information obtained or acquired by a party prior to this litigation or from a source other than discovery in this litigation, and do not preclude a party from using its own Confidential or Attorneys' Eyes Only Material as it deems appropriate or necessary. However, if a producing party uses its own Confidential or Attorneys' Eyes Only Material in a way that it becomes part of the public record, the non-producing party shall no longer be bound by the restrictions on the use of such materials.

16. Any party that seeks to file Confidential or Attorneys' Eyes Only Material with the Court shall, in addition to the procedures set forth above, follow the Court's procedures regarding filing sealed documents. Confidential or Attorneys' Eyes Only Material may be offered in evidence at trial or any court proceeding in the pending litigation, provided that the party who produced the documents may move the Court for an order that the materials be received under conditions to prevent unnecessary disclosure or filed under seal pursuant to the Clerk's procedures.

17. When Confidential or Attorneys' Eyes Only Material is presented, offered, quoted or referenced in any hearing, counsel presenting, offering, quoting, or referencing such material shall alert the Court so that the Court may

take such steps as it believes are reasonably necessary to protect the Confidential or Attorneys' Eyes Only Material at issue.

**CHALLENGES TO CONFIDENTIALITY DESIGNATIONS**

18.   Entering into, agreeing to, producing or receiving any Confidential or Attorneys' Eyes Only Material, or otherwise complying with the terms of this Order shall not:

a.   Constitute an admission by any person that any Confidential or Attorneys' Eyes Material contains or reflects trade secrets, proprietary or commercial information or other confidential matter;

b.   Prejudice in any way the rights of any person to object to the production of documents it considers not subject to discovery;

c.   Prejudice in any way the rights of any person to seek a court determination whether particular discovery materials should be produced, or if produced, whether such material is properly subject to the terms of this Order;

d.   Prejudice in any way the rights of any person to seek a court determination that access to Confidential or Attorneys' Eyes Only Material should be granted to a person not herein specifically designated to receive the same; or

e.   Prejudice in any way the rights of any person to apply to the Court for a further protective order relating to any asserted confidential information, trade secrets or proprietary information.

19.     A party may object to any designation of Confidential or Attorneys' Eyes Only Material at any time by notifying the producing party in writing.  The producing party, upon receipt of such objection, shall within fourteen (14) days of receipt initiate a meet and confer process with the objecting party in an attempt to resolve the issue without court involvement.  Should the meet and confer process fail to resolve the issue, the producing party shall, within a reasonable time frame after the conclusion of the meet and confer process (and no later than 45 days prior to any hearing or trial in which the objecting party intends to utilize the discovery materials), file an appropriate motion with the Court seeking "designation" of the discovery materials; failing to do so will be deemed a waiver of the protections contained in this Order.  The discovery materials will be handled as designated until the Court's ruling.  All parties will cooperate in submitting the issue of the designation to the Court in an expeditious manner.

**INADVERTENT DISCLOSURE OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY DISCOVERY MATERIALS**

20.     In the event a Party discovers it has inadvertently produced Confidential or Attorneys' Eyes Only discovery materials, without so designating such information, the party must within a reasonable time notify all parties of record and designate the information "Confidential" or "Attorneys' Eyes Only."   If the requesting party does not challenge the confidential designation, the parties will from that point forward treat the information as designated under this Order.   If the requesting party challenges the

Confidential or Attorneys' Eyes Only designation, the parties will follow the procedure set forth in paragraph 19.

## NON-PARTY DISCOVERY

21.     Discovery of non-parties to this action may involve the production and/or receipt of information that constitutes or contains confidential material of the non-party or of a party to this action.   A non-party producing such materials in this case may designate as Confidential or Attorneys' Eyes Only some or all of the materials that it produces in the manner as provided for in this Order with respect to the production of information by a party to this action.   Non-party materials designated as Confidential or Attorneys' Eyes Only by the producing non-party, or by a party to this action, shall be governed by all terms of this Order.   Nothing herein, however, shall preclude a non-party from (a) entering into separate agreements with the Parties regarding treatment of the non-party's confidential material different from that provided for in this Order; and/or (b) moving the Court for protection of the non-party's confidential material different from that provided in this Order.

22.     During the course of this action, a party may be requested to produce documents, information, or things in their possession, custody, or control, but subject to contractual or other obligations of confidentiality owed to a non-party.   The party subject to this contractual or other obligation of confidentiality shall promptly inform the non-party of the request to produce the confidential information, provide that non-party with a copy of

this order, and inform the non-party that it will mark the material as Confidential or Attorneys' Eyes Only.  Absent the filing of a motion by the non-party within ten days of the notice, the party receiving the request shall designate the materials as Confidential or Attorneys' Eyes Only and produce it.

## MODIFICATION OF PROTECTIVE ORDER

23.     Any of the parties to this lawsuit may, by written agreement or a motion to

the Court, seek a modification of this Order.


_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE


Submitted by:                            Approved as to Form:

HOLLAND & HART LLP                       GALLEGOS LAW FIRM, P.C.

*/e/ Bradford C. Berge*                    */e/ Michael J. Condon via email 04/10/14*
Bradford C. Berge                        J.E. Gallegos
Adam G. Rankin                           Michael J. Condon
P.O. Box 2208                            460 St. Michael's Drive, Building 300
Santa Fe, New Mexico 87504               Santa Fe, New Mexico 87505
(505) 988-4421                           (505) 983-6686

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ARMAND L. SMITH, BRAZOS
BRAVO ROYALTY TRUST AND
RIO PETRO, LTD., individually
and on behalf of all others
similarly situated private royalty
and overriding royalty owners,

      Plaintiffs,

Vs.                                                                No. 13-CV-00468-JCH-CG

HESS CORPORATION,

      Defendants.

**ACKNOWLEDGMENT OF ORDER GOVERNING THE CONFIDENTIALITY OF
DISCOVERY MATERIALS AND THE INADVERTENT DISCLOSURE OF <u>MATERIALS
PROTECTED UNDER AN APPLICABLE PRIVILEGE OR IMMUNITY</u>**

      Before working on and reviewing documents in the above-referenced matter, it is

necessary that you read the Order entered in the above captioned case.  Part of this

Order requires that all Qualified Persons or entities employed by litigants in this matter

be advised of the provisions of the Order, and of the limited purposes for which

confidential materials or other information contained in or derived there from may be

used.  Once you have carefully read the Order, please acknowledge that you

understand its contents and that you agree to be bound by its provisions by signing

where provided below.

                                                                 _____
                                                    Signature of Qualified Person

ACKNOWLEDGMENT:

I have read and agree to the provisions outlined in the Confidentiality and

Protective Order entered in the above captioned case.

_____

Signature of Qualified Person

Date:

6787058_1