## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ARMAND L. SMITH, BRAZOS
BRAVO ROYALTY TRUST AND
RIO PETRO, LTD., individually
and on behalf of all others
similarly situated private royalty
and overriding royalty owners,

   Plaintiffs,

vs.           No. 13-CV-00468-JCH-CG

HESS CORPORATION,

   Defendant.

### ORDER ON REHEARING HESS MOTION FOR PROTECTIVE ORDER

**THIS MATTER** came before the Court for hearing on Plaintiffs' *Motion to Rehear Defendant Hess' Motion for Protective Order*, (Doc. 143), on January 26, 2015 by telephone conference.  The parties appeared by their respective counsel.  The Court has considered the testimony of Mr. Joaquin Martinez, read the briefing by the parties on the *Motion to Rehear* and Defendant Hess Corporation's ("Hess") prior *Motion for Protective Order*, (Doc. 94), and received the arguments of counsel.  Because the testimony of Mr. Martinez did not provide plaintiffs with the information the Court ordered on key issues in this case, and because the information is not available from any witness other than Hess in-house counsel David Castro, the Court **GRANTS** Plaintiffs' Motion.

### I.   Background

This is a class action suit against Hess concerning royalty and overriding royalty allegedly owed to Plaintiffs from carbon dioxide produced in the West Bravo Dome

Carbon Dioxide Unit in Harding County, New Mexico. Plaintiffs allege that Hess has not made royalty payments in conformance with their contract's Unit Agreement, constituting: (1) a breach of contract and the covenant of good faith and fair dealing; and (2) a breach of the implied covenant to market.

This matter originally came before the Court on Hess' *Motion for Protective Order*, (Doc. 94), to prohibit Plaintiffs from taking the deposition of Hess in-house counsel David Castro. Plaintiffs sought to depose Mr. Castro after Hess employee James Hughart identified Mr. Castro as (a) the individual responsible for the adoption by Hess of the royalty payment methodology Plaintiffs challenge in this suit and (b) the individual responsible for drafting a letter dated April 12, 2010, explaining the reasons behind the Hess royalty payment methodology. Following briefing and hearing, the Court on November 7, 2014 entered its *Order on Defendant Hess Corporation's Motion for Protective Order*, (Doc. 130), prohibiting the deposition of Mr. Castro "at this time" and requiring Hess to provide for questioning a "knowledgeable witness" to address questions concerning the royalty payment methodology and the April 12, 2010 letter.

In response to the Order, Hess made available Joaquin Martinez who was deposed by plaintiffs. Thereafter, Plaintiffs filed their *Motion to Rehear Defendant Hess' Motion for Protective Order*, (Doc. 143), asserting that Mr. Martinez did not make the decisions on the key issues about the Hess royalty payment methodology, and that he did not have and testify on personal knowledge.

## II.    Analysis

Hess argues that in order to depose trial counsel Plaintiffs must demonstrate that: (1) there are no other means to obtain the information; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the

case, as required by Tenth Circuit jurisprudence. Hess contends that Plaintiffs have failed to do so. With regard to the Hess royalty payment methodology Plaintiffs challenge in this suit, Hess maintains that Plaintiffs have received full and complete testimony addressing the issue from Mr. Martinez, and as a result are unable to establish that no other means exist to obtain the information. (Doc. 145 at 10-11). In addition, Hess argues that Plaintiffs cannot show that the information sought from Mr. Castro is nonprivileged. (Doc. 145 at 11-12). As to the letter dated April 12, 2010 explaining the reasons behind the Hess royalty payment methodology, Hess maintains that the letter is not relevant to the class-wide claim alleged in this suit, and to the extent it is relevant, Plaintiffs have received full testimony on the rationale reflected in the letter from Mr. Hughart and Mr. Martinez. (Doc. 145 at 12-13).

Plaintiffs argue that they have established all three factors to demonstrate that the deposition of Mr. Castro is warranted in this case. As to the Hess royalty payment methodology, Plaintiffs contend that Hess had the opportunity to provide other means to obtain the information sought from Mr. Castro through Mr. Martinez, but that Mr. Martinez's testimony was insufficient. (Doc. 146 at 4-8). In addition, Plaintiffs maintain that the decision to adopt the royalty payment formula was a business decision, not a legal one, and is therefore not protected by the attorney-client privilege. (Doc. 146 at 11-12). As to the letter dated April 12, 2010, Plaintiffs argue that, while not received by every class member, the letter is relevant to assess the culpable state of mind of Hess, which is crucial to their claim of punitive damages. (Doc. 146 at 8-9).

A. *Scope of Discovery and Deposing Counsel*

The proper scope of discovery is "any nonprivileged matter that is relevant to any

party's claim or defense." *S.E.C. v. Goldstone*, 301 F.R.D. 593, 643 (D.N.M. 2014) (citing FED. R. CIV. P. 26(b)(1)). Information will be relevant "if the discovery appears reasonably calculated to lead to discovery of admissible evidence." *Id.* "[F]ederal courts have held that the scope of discovery should be broadly and liberally construed to achieve full disclosure of all potentially relevant information." *Sanchez v. Matta*, 229 F.R.D. 649, 654 (D.N.M. 2004). It is the role of this Court as the pretrial judge to determine that scope. The question before the Court here is not whether disclosed evidence will be admissible at trial, as that is a question for the presiding judge.

The Court has broad discretion over discovery, and may grant a protective order pursuant to rule 26(c) of the Federal Rules of Civil Procedure. *S.E.C.*, 301 F.R.D. at 645. Under Rule 26(c), "a court may 'issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense'" upon a showing of good cause. *Id.* (citing FED. R. CIV. P. 26(c)(1)(A)). That order may include forbidding disclosure or discovery. *Id.*

Generally, forcing trial counsel to testify as a witness is disfavored. *S.E.C.*, 301 F.R.D. at 648. In the context of a protective order barring the deposition of trial counsel, the Tenth Circuit has adopted the three-part test articulated in *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986) (the "*Shelton* test") to determine whether a party can depose opposing counsel. *S.E.C.*, 301 F.R.D. at 649 (citing *Boughton v. Cotter Corp.*, 65 F.3d 823 (10th Cir. 1995)). The test applies equally when a party seeks to depose another party's in-house counsel. *See Shelton*, 805 F.2d at 1325 (cited by *S.E.C.*, 301 F.R.D. at 648); *See also Malcolm D. Smithson and Christine B. Smithson Trusts v. Amerada Hess Corp.*, 2007 WL 568112 at *9 (D.N.M. Dec. 19, 2007)

(unpublished) (declining to "read the Tenth Circuit's language in *Boughton v. Cotter Corp.* as limited to trial counsel.").

Under the *Shelton* test, a party seeking to depose opposing, or in-house, counsel must establish that: (i) no other means exist to obtain the information; (ii) the information sought is relevant and nonprivileged; and (iii) the information is crucial to the preparation of the case. *S.E.C.*, 301 F.R.D. at 649 (citing *Shelton*, 805 F.2d at 1327). If any one or more of these three factors is not met, the court may issue a protective order against the deposition of counsel. *Id.* (citing *Boughton*, 65 F.3d at 830).

B.  *Deposing Mr. Castro, In-House Counsel For Defendant Hess*

The Court finds that Plaintiffs have established the factors necessary to allow the deposition of David Castro with regard to both the (a) the adoption by Hess of the royalty payment methodology Plaintiffs challenge in this suit, and (b) the drafting of the letter dated April 12, 2010 explaining the reasons behind the Hess royalty payment methodology. First, as the Court explained during the hearing, because Plaintiffs have had the opportunity to depose Mr. Martinez on these topics, it seems clear that there are no other means to obtain the information. Indeed, it was the testimony of Mr. Hughart which identified Mr. Castro as a participant in the adoption of the royalty payment formula and the drafting of the letter dated April 12, 2010. *Cf. Smithson Trusts*, 2007 WL 5685112, at *9 (finding the deposition of the defendant's in-house counsel to be premature where the plaintiffs had not yet taken a deposition in the litigation). Instead of allowing Plaintiffs to depose Mr. Castro, this Court ordered Hess to provide a knowledgeable witness on these issues, (Doc. 130); Hess provided Mr. Martinez. Mr. Martinez testified to some involvement in the development of a formula for the valuation of $CO_2$ for royalty purposes, but could not testify as to the negotiations surrounding or

5

the ultimate adaptation of the formula based on his own personal knowledge. (Doc. 143-1 at 8:37:1-14). Furthermore, Mr. Martinez had no involvement in drafting the April 12, 2010 letter. (*Id.* at 6-7:32-33, 7:33:24-25, 7:34:1). Therefore, Hess has failed to provide Plaintiffs with a knowledgeable witness as to these issues, and the deposition of Mr. Castro appears to be the only means to obtain the information.

Second, the Court is satisfied that Mr. Castro's testimony will contain material that is relevant and nonprivileged. There is no privilege as to facts. *Spilca v. Maryland Casualty Co.*, No. CIV 13-360 JB/CG, Doc. 73, slip op at *8 (D.N.M. filed Nov. 26, 2013) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 396 (1981) (underlying facts are not protected by the attorney-client privilege); *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 164 F.R.D. 245, 248 (D.Kan. 1995) ("Attorneys with discoverable facts, not protected by attorney-client privilege or work product, are not exempt from being a source for discovery by virtue of their license to practice law or their employment by a party.")). In fact, Hess often refers to the adoption of the formula to pay royalty to the class members as a business decision, business oriented, (Doc. 145 at 5), or a management decision, (Doc. 145 at 7), versus a legal issue. Additionally, the April 12, 2010 letter was a communication to a third party, and is thus not protected by the attorney-client privilege. The Court also notes that in the event there are portions of Mr. Castro's testimony that are privileged, counsel can object accordingly.

Finally, both the adoption by Hess of the royalty payment methodology and the April 12, 2010 letter explaining the reasons behind the Hess royalty payment methodology are crucial to Plaintiffs' claims of breach of contract and their case for punitive damages. Mr. Castro's testimony is necessary to assess whether Defendant Hess had a culpable state of mind or acted in bad faith.

The Court finds it important to mention that Mr. Castro is not trial counsel in this case. While an analysis of the *Shelton* factors is appropriate to determine whether to allow a party to depose in-house counsel, the problems presented when deposing trial counsel may be somewhat mitigated. *Smithson Trusts*, 2007 WL 5685112, at *9. As Plaintiffs point out, the rationale behind the *Shelton* test rests on the idea that taking the deposition of opposing counsel disrupts the adversarial system, lowers the standards of the profession, and adds to the already burdensome time and costs of litigation. *Shelton,* 805 F.2d at 1327. Those concerns are not present here. In addition, because Plaintiffs seek to question Mr. Castro on evidentiary matters and not the defense of this lawsuit, "some of the concerns about using the deposition of opposing counsel as an harassment tactic are diminished." *Smithson Trusts*, 2007 WL 5685112, at *9.

### III.    Conclusion

For the foregoing reasons, The Court finds that Plaintiffs have established the factors necessary to allow the deposition of David Castro by Plaintiffs in this case. *Boughton v. Cotter Corp.,* 65 F.3d 823, 828 (10th Cir. 1995); *Shelton v. American Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir. 1986).

**IT IS THEREFORE ORDERED** that Plaintiffs' *Motion to Rehear Defendant Hess' Motion for Protective Order*, (Doc. 143), should be and is **GRANTED**, and Hess' *Motion for Protective Order*, (Doc. 94), should be and is **DENIED**.  Hess shall make David Castro available to be deposed by Plaintiffs within not more than thirty (30) days of entry hereof.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE