## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

ARMAND L. SMITH, BRAZOS
BRAVO ROYALTY TRUST AND
RIO PETRO, LTD., individually
and on behalf of all others
similarly situated private royalty
and overriding royalty owners,

   **Plaintiffs,**

  **vs.**             **Civ. No. 13-468 JCH/CG**

HESS CORPORATION,

   **Defendant.**

### <u>MEMORANDUM OPINION AND ORDER</u>

  This matter is before the Court on four motions: *Hess's Motion for Partial Summary Judgment No. 1 on Plaintiffs' Claims for Breach of Contract and the Implied Duty To Market* [Doc. 149]; *Hess's Motion for Partial Summary Judgment No. 2 on Plaintiffs' Claims for Punitive Damages and Breach of the Implied Duty of Good Faith and Fair Dealing or, in the Alternative, To Decertify Those Claims* [Doc. 156]; *Plaintiffs' Motion To Strike Hess Motion for Partial Summary Judgment No. 1 and for Expedited Hearing* [Doc. 152]; and *Hess's Motion for Leave To File Two Partial Summary Judgment Motions and, as an Alternative, To Decertify the Class's Punitive Damages Claim* [Doc. 151].

  Having considered the motions, briefs, court record, and relevant law, the Court concludes that Hess's motion [Doc. 151] for leave to file additional motions should be denied, and Hess's two summary judgment motions [Docs. 149, 156] should therefore be denied as untimely. Given these rulings, the Court denies as moot Plaintiffs' motion to strike [Doc. 152].

## BACKGROUND

The April 16, 2014 Scheduling Order set September 19, 2014, as the deadline for "[p]retrial motions, other than discovery motions," and warned:  "Any pretrial motions, other than discovery motions, filed after the above dates shall, in the discretion of the Court, be considered untimely."  [Doc. 60, p. 2]  On July 30, 2014, on joint motion of the parties, the Scheduling Order was modified to extend the deadline for "pretrial motions (other than motions in limine)" by sixty days.  [Doc. 77, p. 1]  After expressing concern about a third motion to extend discovery, the Court extended discovery deadlines but stated:

> All other deadlines established in the Scheduling Order, the Court's Notice of Trial Setting and the Orders Modifying Scheduling Order, [Docs. 68, 77], remain unchanged.  No further extensions will be granted.

[Doc. 108 (emphasis added); Doc. 154-2]

The deadline for pretrial motions thus was November 21, 2014.  [Doc. 77]

Two months after that deadline, Hess filed *Hess's Motion for Leave To File Two Partial Summary Judgment Motions and, as an Alternative, To Decertify the Class's Punitive Damages Claim*.  [Doc. 151, filed 1/27/15]  Hess had already filed its first summary judgment motion [Doc. 149, filed 1/23/15], and Plaintiffs had filed a motion to strike—*Plaintiffs' Motion To Strike Hess Motion for Partial Summary Judgment No. 1 and for Expedited Hearing* [Doc. 152].

On February 3, 2015, Hess filed its second summary judgment motion.  [Doc. 156] Plaintiffs moved for an extension of time to respond.  [Doc. 157]

On February 6, 2015, the Court entered its order [Doc. 158] extending the time for Plaintiffs to respond to both of Hess's summary judgment motions until four weeks after the Court issued a decision on Hess's motion for leave to file [Doc. 151] and Plaintiffs' motion to strike [Doc. 152].

## LEGAL STANDARDS

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."  "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts."  *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (internal quotation marks omitted).  A party may satisfy Rule 16's "good cause" requirement by showing, for instance, that the party learned new information through discovery or that the underlying law had changed.  *Id*.  Good cause is not shown if the party previously knew the facts upon which a claim depends.  *Id.*

## DISCUSSION

Hess proffers three reasons for its request to file untimely summary judgment motions: that Hess did not understand that "pretrial motions (other than motions in limine)" included summary judgment motions; that Hess was busy with discovery and that a deposition of Hess's own witness, Joaquin Martinez, had not been taken before the pretrial motions deadline; and that Hess's counsel was busy with another case.  None of the three reasons has any merit.

The amended scheduling order required "pretrial motions (other than motions in limine)" to be filed by November 21, 2014.  [Doc. 77, p. 1]  This deadline clearly applied to summary judgment motions and has for years.  Hess offers no explanation of what it considers pretrial motions to consist of.  Hess's contention has no merit whatsoever.

Hess knew how to request an extension of the discovery deadlines, because it joined in a third motion to extend discovery deadlines.  [Doc. 105]  If it became apparent during the course of discovery that Hess wanted more time, Hess could have made a timely motion in an attempt to obtain further extension of the scheduling deadline for pretrial motions.  Instead, Hess's motion

for leave to file was made more than two months after the scheduling deadline had passed—and after Hess had already filed one untimely summary judgment motion.  Hess contends that discovery was not completed in time for Hess to comply with the November 21, 2014 deadline. But the witness whose deposition was taken after November 21, 2014 was Hess's own witness, Martinez.  Discovery was otherwise terminated.  Hess shows no reason it could not have obtained the information earlier, if Martinez had any information relevant to Hess's summary judgment motions.  The timing of Martinez's deposition does not, therefore, support Hess's argument that it could not meet the scheduling deadline with exercise of due diligence.

As Hess states, one of its motions addresses issues raised by Plaintiffs' summary judgment motions; Hess in part repeats and in part expands on arguments already made. Although Hess suggests this means little prejudice to Plaintiffs in having to file a response, the Court concludes it more importantly shows no "good cause" for an untimely motion addressing the same issues.  These issues could have been fully addressed in a timely fashion in Hess's responses to Plaintiffs' summary judgment motions.

Hess long ago agreed to certification of the class [Doc. 42] and its motion to decertify some claims at this late stage of the proceedings is untimely.[1]

Hess asserts that Plaintiffs and the Court will have ample time to respond to and consider its untimely motions.  Hess minimizes the burden on Plaintiffs to file responses, and minimizes

---

[1] Hess overly emphasizes the Clendenen letter as the basis for Plaintiffs' claim for punitive damages.  Punitive damages may be available under New Mexico law for breach of contract "when the defendant's conduct was malicious, fraudulent, oppressive, or committed recklessly with a wanton disregard for the plaintiff's rights." *Romero v. Mervyn's*, 1989-NMSC-081, ¶ 23, 784 P.2d 992, 998; *see id.* ¶ 24 (stating that each of these terms, "standing alone, will support an award of punitive damages"); *Dollens v. Wells Fargo Bank*, 2015-NMCA-___, ¶ 26, ___ P.3d ___, 2015 WL 3626904, *9 (stating defendant may be liable for punitive damages "if it intended to commit a wrongful breach, knowing that it was wrongful when committed (i.e., conscious wrongdoing)"); *Paiz v. State Farm Fire & Cas. Co.*, 1994-NMSC-079, ¶¶ 26-31, 880 P.2d 300, 308-09 (observing "narrow exception" for punitive damages for breach of contract, when party "is consciously aware of, and proceeds with deliberate disregard for, the potential of harm" to other party).

the difficulty caused to both Plaintiffs and the Court in addressing additional motions in a shortened pretrial period.

Hess argues that Plaintiffs would not be prejudiced by allowing its untimely summary judgment motions because trial was postponed.  Under Hess's approach, a scheduling order would become largely meaningless once a trial has been reset; the Court does not believe this approach accords with the principles giving a trial court wide discretion to supervise the pretrial phase of a case and to control its docket.  *See Bylin v. Billings*, 568 F.3d 1224, 1231-32 (10th Cir. 2009).  If anyone was prejudiced, it would be Plaintiffs.  Hess suffers no prejudice from denial of its summary judgment motions as untimely; Hess is still free to argue at trial that Plaintiffs are not entitled to punitive damages.

Hess fails to show that it could not, with diligence, have complied with scheduling deadlines.  Hess fails to show that new information or late discovery prevented compliance.  Counsel's workload and choice to work on another case do not show "good cause" here.  *See Ghamrawi v. Case & Assocs. Props. Inc.*, 116 Fed. Appx. 206, 210 (10th Cir. 2004) (unpublished).[2]

## CONCLUSION

The Court concludes that Hess fails to show "good cause" under Rule 16(b)(4) to allow filing of its summary judgment motions after the deadline set by scheduling orders.  Those summary judgment motions will therefore be denied as untimely.

---

[2] The Court cites this unpublished opinion for its persuasive value.  *See* 10th Cir. R. 32.1(A).

**IT IS THEREFORE ORDERED THAT:**

(1)   *Hess's Motion for Partial Summary Judgment No. 1 on Plaintiffs' Claims for Breach of Contract and the Implied Duty To Market* [Doc. 149] is **DENIED as untimely**;

(2)   *Hess's Motion for Partial Summary Judgment No. 2 on Plaintiffs' Claims for Punitive Damages and Breach of the Implied Duty of Good Faith and Fair Dealing or, in the Alternative, To Decertify Those Claims* [Doc. 156] is **DENIED as untimely**;

(3)   *Plaintiffs' Motion To Strike Hess Motion for Partial Summary Judgment No. 1 and for Expedited Hearing* [Doc. 152] is **DENIED as moot**;

(4)   *Hess's Motion for Leave To File Two Partial Summary Judgment Motions and, as an Alternative, To Decertify the Class's Punitive Damages Claim* [Doc. 151] is **DENIED.**

_____
**UNITED STATES DISTRICT JUDGE**