```
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
------------------------------------------------x
ARMAND L. SMITH, BRAZOS
BRAVO ROYALTY TRUST, and RIO
PETRO, LTD., individually and on behalf
of all others similarly situated private
royalty and overriding royalty owners,        MEMORANDUM AND ORDER
                                              Case No. 13-CV-468-FB-CG
                  Plaintiffs,

            - against -

HESS CORPORATION,

                  Defendant.
------------------------------------------------x
```

**BLOCK, Senior District Judge:**

The parties have settled their dispute. Because this is a class action, they seek preliminary approval of the settlement agreement and permission to notify the class of the settlement and its terms in advance of a fairness hearing. *See* Fed. R. Civ. P. 23(e).

A court should grant preliminary approval of a proposed settlement agreement "[w]here the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within

the range of possible approval." *In re Initial Pub. Offering Secs. Litig.*, 243 F.R.D. 79, 87 (S.D.N.Y. 2007) (citation and internal quotation marks omitted). It should approve a proposed class notice if the notice "fairly apprise[s] the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings." *Id.* (citation and internal quotation marks omitted).

Having reviewed the parties' settlement agreement and class notice, the Court has identified an "obvious deficiency" that deprives class members of the meaningful notice to which they are entitled. Section 2(b) of the agreement recites that "[p]laintiffs' attorney fees, New Mexico gross receipts tax thereon, litigation costs, notice expense, awards to class representatives and costs of notice, administration and distribution . . . shall be deducted from the Settlement Fund." Similarly, the class notice advises that "[a]ttorneys for the Class will ask the Court for an award of attorneys' fees, New Mexico gross receipts tax, for reimbursement of costs and expenses advanced in the prosecution of the lawsuit and for costs of settlement distribution and administration. They will also request an award for services of the Plaintiffs as class representatives." Yet neither the proposed settlement nor the class

2

notice gives even a rough estimate of how much those deductions will reduce the Settlement Fund—and, therefore, class members' ultimate recovery. Class counsel has represented that he may seek up to $1 million dollars in attorneys' fees and $175,000 in costs.

Rule 23(h) requires that class members be notified of any request for attorney fees and nontaxable costs "in a reasonable manner." The advisory notes to the rule sensibly explain that "[f]or motions by class counsel in cases subject to court review of a proposed settlement under Rule 23(e), it would be important to require the filing of at least the initial motion in time for inclusion of information about the motion in the notice to the class about the proposed settlement that is required by Rule 23(e)," and that "[i]n cases in which settlement approval is contemplated under Rule 23(e), notice of class counsel's fee motion should be combined with notice of the proposed settlement, and the provision regarding notice to the class is parallel to the requirements for notice under Rule 23(e)." The obvious purpose of this practice is to give class members sufficient information—with sufficient advance notice—to allow them to make an informed decision whether to object to the proposed settlement at the fairness hearing. *See* Fed. R. Civ. P. 23(h)(2) ("A class member, or a party from whom

payment is sought, may object to the motion.").

Therefore, the Court will approve the proposed settlement and class notice *provided* that both are amended to state good-faith estimates of the amount of each category of deduction from the Settlement Fund. Counsel shall submit the amended documents (or inform the Court that they are not willing to do so) by 5 p.m. on Monday, May 8, 2017.

**SO ORDERED.**

/s/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
May 4, 2017